UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRY S. JOHNSTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 2:22-cv-14-MTS |
| KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration, denying the application of Terry Johnston ("Plaintiff") for Supplemental Security Income ("SSI").[1] In February 2020, Plaintiff applied for SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385 (the "Act"). (Tr. 192–5). Plaintiff alleges disability due to depression, anxiety, paranoia, auditory hallucinations, nervousness, disturbed sleep, low motivation, fear of crowds and public places, and polysubstance dependence with an alleged onset date of January 31, 2020. (Tr. 209). In June 2021, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 10–20). For the following reasons, the Court reverses and remands.

**I.   Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a

---

[1] Section 1383(c)(3) of Title 42 provides for judicial review of the SSA Commissioner's "final decision." After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 10–20), the Appeals Council denied Plaintiff's request for review,  (Tr. 1); thus, the ALJ's decision stands as the Commissioner's final decision.

1

disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).  A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment.  *Id.* at §§ 404.1520(a)–(d).  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5.  *Id.* at § 416.920(e).  At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545.  The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations.  *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).  At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.*

2

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it. *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision). The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

3

## II. The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 12). At Step 2, the ALJ found Plaintiff had severe impairments of major depressive disorder and generalized anxiety disorder. (Tr. 12–13). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 13–14). Thus, the ALJ found Plaintiff had the RFC to perform a "full range of work at all exertional levels," with some non-exertional limitations.[2] (Tr. 15–18). At Step 4, the ALJ found Plaintiff could return to his past relevant work. (Tr. 19–20). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 20).

## III. Discussion

Plaintiff argues the ALJ erred at Step 2 by failing to find some impairments severe and then at Step 3 when rating the severity of Plaintiff's functional limitations. The Court agrees that the ALJ's assessment at Step 2 and Step 3 is not supported by substantial evidence.

Most notably, the ALJ completely failed to discuss Plaintiff's diagnoses of schizophrenia and other psychotic disorders in Step 2.[3] *See, e.g.*, (Tr. 77, 93, 432). The Court has "difficulty imagining how an uncontested diagnosis of schizophrenia [] could *not* survive Step 2." *Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016). This error is especially pronounced here given that the ALJ's failure to properly consider Plaintiff's severe impairments at Step 2, apparently foreclosed the ALJ from considering the symptoms of those impairments at *subsequent* Steps. *See, e.g.*, 20

---

[2] Plaintiff cannot "perform production pace tasks that require strict hourly goals," can never "climb ladders, ropes or scaffolds or be exposed to unprotected heights or hazardous work environments," and can have "occasional contact with coworkers and the general public." (Tr. 15–18).

[3] In Step 2, the ALJ only discussed the physical impairments and his reason for finding those impairments non-severe. (Tr. 12).

4

C.F.R. §§ 404.1520(e), 404.1545(a)(2) (requiring the ALJ to consider severe and non-severe impairments in determining the claimant's RFC).  For example, Lance Armstrong—notably, the Government's *own* consultative psychologist—diagnosed[4] Plaintiff with Schizoaffective disorder and discussed the accompanying symptoms such as "hallucinations" and "delusional beliefs." (Tr. 432).  The ALJ failed to discuss these symptoms,[5] let alone discuss their effect on Plaintiff's functional limitations, as required in in Step 3.[6]  *See* 20 C.F.R. §§ 416.920a(c)(3)–(4) (rating the severity of Plaintiff's functional limitations at Step 3 by looking at four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself).

Besides the ALJ's failure to properly consider certain symptoms when assessing Plaintiff's functional limitations in Step 3, the Court also finds the ALJ's Step 3 assessment inconsistent with the clinical findings and opinions from the medical examiners of record—notably, all of which the ALJ found persuasive. (Tr. 18).  For example, the ALJ found Plaintiff had only a "mild limitation" in the functional category of "understanding, remembering or applying information" because Plaintiff can "prepare his own meals daily . . . [which] indicates an ability to follow, at least, one to two-step instructions." (Tr. 13).  Notwithstanding the fact that the ALJ appears to be "playing doctor," which is forbidden, *Adamczyk v. Saul*, 817 F. App'x 287, 289 (8th Cir. 2020) (explaining the ALJ errs when it "plays doctor" meaning "the ALJ cannot draw improper inferences from the record or substitute a doctor's opinion for his own"), this conclusion is inconsistent with medical evidence of record, like, Armstrong's finding that Plaintiff has "poor" working memory, a "weak"

---

[4] This diagnosis is based on DSM-5.  (Tr. 432).

[5] This is especially alarming in that the ALJ failed to incorporate Armstrong's findings, despite finding his opinion to be, "generally consistent with, and supported by the weight of the evidence." (Tr. 18).

[6] For similar reasons, the Court concludes that the ALJ's assessment in Step 3 is inconsistent with the clinical findings and opinions from Armstrong, Nurse Redwine, or other medical providers of record.

5

short term memory, "poor" abstract thinking, and "weak" quality of thinking.[7] (Tr. 431–32). The ALJ did not even discuss these findings. Throughout the assessment, the ALJ "recite[d] only the evidence that support[ed] his conclusion while ignoring contrary evidence. . . . [such] 'cherry-picking' is especially problematic where mental illness is at issue." *Meuser*, 838 F.3d at 912.

Because the Court finds the ALJ erred at Step 3, the RFC and Step 4's finding are inherently inadequate. 20 C.F.R. § 416.920a(d)(3) (determining RFC *after* Step 3); *id.* § 416.960(b) (determining Step 4 based on RFC).

## Conclusion

For the foregoing reasons, the Court finds that the ALJ's determination is not supported by substantial evidence on the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **REVERSED** and **REMANDED**. A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of March 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[7] The ALJ did not refute or even address the most striking opinion of Dr. Armstrong relevant to Plaintiff's ability to maintain employment: his assertion that Plaintiff "cannot relate predictably over any reasonable period of time in a vocational setting without significant support." (Tr. 432).

6